# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**Civil Action No. 8:14 −cv-03324**

**MIKE TWUM BARIMAH**

    **Plaintiff,**

**v.**

**BANK OF AMERICA INC.**

**KWAME ADOFO**

    **Defendants.**

---

# COMPLAINT
---

COMES NOW Plaintiff Mike Twum Barimah, by and through his attorneys Emejuru and Nyombi L.L.C., and for his complaint avers and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action under the Maryland Uniform Commercial Code *et seq* and Maryland common law for the wrongful, fraudulent, and unauthorized debiting of the Plaintiff's account by Defendant Bank of America Inc. and Defendant Kwame Adofo which caused Mike Twum Barimah to sustain loss and damages.

**JURISDICTION**

2.  Personal jurisdiction exists over Defendant Bank of America Inc. as they are doing business and have the necessary minimum contacts within the State of Maryland.

3.  Personal Jurisdiction exists over Defendant Kwame Adofo as he is a resident of this judicial district.

4.  Subject matter jurisdiction exists through diversity jurisdiction   pursuant to 28.U.S.C. § 1332 as the action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds seventy five thousand ($75,000.00).

**VENUE**

5.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all events or omissions giving rise to the claim occurred in this judicial district.

**PARTIES**

6.  Plaintiff Mike Twum Barimah, is citizen of Ghana but a resident of this judicial district.

7.  Defendant Bank of America is a federally- regulated national bank and its deposits and/or accounts are insured by the Federal Deposit Insurance Corporation with its principal offices and corporate headquarters located at Bank of America corporate center, 100 North Tryon Street, Charlotte, North Carolina, 28255.

8.  Defendant Kwame Adofo is a resident of this judicial district.

## FACTUAL ALLEGATIONS

9.  Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

10. At all times pertinent to this action Plaintiff Mike Twum Barimah maintained a personal deposit account number XXXX XXXX XXXX (Mr. Barimah's account).

11. Plaintiff opened the deposit Bank account with Defendant Bank of America in and around November 16, 2005 depositing $20,682.65.

12. On 03/ 30/ 2006 Plaintiff deposited an additional $60,000 to his account with Defendant Bank of America. Plaintiff credited his deposit account with more money.

13. By October 3, 2006, Plaintiff Barimah's account had deposits worth $81, 876.65.

14. In and around October 2006, Defendant Kwame Adofo fraudulently,  willfully and by way of forgery entered into an agreement with Defendant Bank of America with the Bank making Defendant Mr. Adofo a joint account holder with Plaintiff Mike Twum Barimah.

15. At all times pertinent to this action Plaintiff never authorized Defendant Kwame Adofo to become his joint account holder.

16. Plaintiff Mr. Barimah had no knowledge that Bank of America had made Defendant Adofo a joint account holder.

17. Defendant Bank of America owed Plaintiff a duty to verify persons seeking be added as joint account holders to Plaintiff's account under reasonable commercial practices and standards.

18. Bank of America owed a duty to Plaintiff to contact him to inquire and get his authorization before adding a person as a joint account holder to his deposit account.

19. Defendant Bank of America wantonly, willfully, intentionally, negligently and recklessly added Defendant Kwame Adofo as a joint account holder to Plaintiff's deposit account.

20. Defendant Bank of America went on a spree of a series of unauthorized debits to Plaintiff's account for over a period of 6 years.

21. Plaintiff is an international businessman who spends most of his time doing business internationally and across boarders and was out of the country.

22. Defendant Kwame Adofo took advantage of Plaintiff and fraudulently converted Plaintiff's Bank account and depleted it of funds.

23. Bank of America negligently, with reckless disregard to Mr. Mike Twum Barimah's customer and contractual rights added an unauthorized person to Plaintiff's account.

24. Bank of America fraudulently concealed this scam by not providing monthly statements to the principal account holder Mr. Mike Twum Barimah.

25. In and around October 2012, Plaintiff arrived in the United States after being abroad only to find a different account than what he had left.

26. Plaintiff found that Defendant Adofo had fraudulently added himself as a joint account holder to Defendant's Bank account.

27. Defendant Kwame Adofo conspired with Bank of America to effect the fraud.

28. Bank of America had negligently, recklessly and wantonly added an unauthorized party as a joint account holder to Plaintiff's Bank account and gone on to make payments to Mr. Adofo.

29. All debits on Plaintiff's account did not originate from Mr. Barimah or any person under his control. Neither did the debits originate from any computer or other business connected in any way with Mr. Barimah.

30. Plaintiff promptly notified Bank of America of the fraud on or about November 23, 2012 upon discovery.

31. Bank of America informed Plaintiff that they would investigate the fraud.

32. Bank of America then fraudulently went on a spree of concealing the fraud by falsely informing Plaintiff that they were giving him a temporary credit of $9,571 while they investigated his claim.

33. Bank of America did not inform the Plaintiff that in fact they had joined Defendant Adofo negligently, wantonly, reckless and / or fraudulently to his account and made a series of unauthorized payments and debits which would have been detected by commercial reasonable and ordinary care.

34. On information and belief, all payment orders originated from Defendant Kwame Adofo who Bank of America had added to Plaintiff's deposit account without Plaintiff's authorization, direction or control.

35. Bank of America never followed commercially reasonable policies and security procedures agreed to by Plaintiff Barimah and Bank of America when a negligently adding, joining and maintaining Plaintiff's account.

36. Defendant Kwame Adofo individually made a series of debits stretching over six years on Plaintiff's deposit account without Bank of America observing reasonable commercial security procedures to prevent the unauthorized payments.

37. Bank of America closed Plaintiff's deposit account on November 23, 2012.

38. Bank of America did not inform the Plaintiff of the person who had fraudulently debited his account through use of checks and ATMs.

39. Bank of America fraudulently concealed the fact that there was another person using the Plaintiff's account while he was away from the country.

40. On December 27, 2012, Bank of America responded to Plaintiff's fraud dispute by concealing the fact that any fraud had taken place.

41. Bank of America notified Defendant that no error had occurred on his account.

42. Bank of America conspired to effect the fraud on Plaintiff Mike Twum Barimah's account.

43. Bank of America's motive was to avoid having to pay back to Plaintiff Mike Twum Barimah all the monies that they had negligently, fraudulently, recklessly and wantonly debited from his account.

44. Bank of America then withdrew even the temporary credit of $9, 571.00 that they had deposited on Plaintiff's account.

45. Bank of America had in total debited Plaintiff's account to a total of approximately $64,000.

46. Defendant Kwame Adofo conspired with Bank of America to defraud Plaintiff of the money in his deposit account at Bank of America.

47. The Plaintiff acted in a commercially reasonable manner at all times pertinent to this action.

48. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals' employment, agency or representation.

49. Serious punitive damages need to issue to punish this kind of wrongful conduct from Defendants and to deter any other similarly situated Banks or persons from doing the same.

## CAUSES OF ACTION

## PLAINTIFF'S CLAIMS AGAINST DEFENDANT BANK OF AMERICA INC.

## COUNT 1

**PLAINTIFF'S CLAIM  FOR CONVERSION UNDER MD UNIFORM COMMERCIAL CODE, COMMERCIAL LAW,  § 3-420, § 3-403, § 3-404, § 3-401.**

50. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

51. Plaintiff deposited funds with Defendant Bank of America which under Maryland law are deemed personal property.

52. Defendant Bank of America not having title to the funds with conscious disregard for Plaintiff's customer rights debited and paid the funds to a third party.

53. Plaintiff lost the funds and sustained loss.

54. Defendant Bank of America was not acting in good faith when they paid off Plaintiff's funds to a third party.

55. Defendant Bank of America is required under the Uniform Commercial Code as adopted by Maryland to return the funds to the customer's account upon demand.

56. When Plaintiff discovered of the loss he promptly informed Bank of America of the forgery and fraud in and around October, 2012.

57. Defendant Bank of America instead fraudulently concealed the unauthorized withdrawals and fraud from Plaintiff informing him that there were no errors on his account.

58. WHEREFORE, as to Plaintiff's claim for Conversion under, MD. UCC Code, Commercial Law, § 3-420,  § 3-403, § 3-404, § 3-401. Mr. Barimah prays that this Court enter judgment against Bank of America, for monies converted by Bank of America and paid to Defendant Kwame Adofo; all damages acceptable by law, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees and costs of this action, equitable relief, and such other and further relief that is just and proper.

## COUNT 2

## CLAIM AGAINST BANK OF AMERICA FOR NEGLIGENCE UNDER MD UNIFORM COMMERCIAL CODE, COMM. LAW, § 3-404 - § 3-406 *et SEQ* AND MD UNIFORM COMMERCIAL CODE, COMM. LAW, § 4-401, § 4-406

59. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

60. Bank of America owed Plaintiff a duty of care to exercise ordinary care when adding persons to his account as joint account holder and when debiting his account.

61. Defendant Mr. Adofo forged authorization to be added to Plaintiff's account which Bank of America negligently, recklessly and / or fraudulently orchestrated.

62. Defendant Mr. Adofo in a series of debits stretching over six years repeatedly debited the Plaintiff's account .

63. Bank of America breached their duty resulting into loss to Plaintiff

64. Plaintiff was at all times pertinent to this action behaving in a commercially reasonable manner.

65. WHEREFORE, for Defendant Bank of America's negligence under, UCC MD Code, Commercial Law, § 3-404 - § 3-406, Plaintiff prays that this Court enter Judgment against Bank of America for; repayment of all monies negligently debited without his authorization plus; any and all damages acceptable by law , pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees and costs of this suit, equitable relief, and such other and further relief as Plaintiff Barimah may be entitled to.

## COUNT 3

**PLAINTIFF'S  CLAIM  AGAINST BANK OF AMERICA FOR CONSPIRACY TO COMMIT FRAUD.**

66. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

67. Defendant Bank of America willfully , intentionally or with reckless disregard of Plaintiff's recognizable rights and fraudulently conspired with Defendant Kwame Adofo to commit fraud by adding Defendant Kwame Adofo as a joint account holder without Plaintiff's authorization.

68. Defendant Bank of America as result debited Plaintiff's deposit account.

69. The money debited was paid to Defendant Kwame Adofo.

70. Plaintiff suffered loss as a result of this conspiracy.

71. Defendant Bank of America concealed the fraud by telling Plaintiff that there was no error on his account yet evidently Defendant Kwame Adofo had been added fraudulently as a joint account holder to Plaintiff's account and withdrew funds deposited there on.

72. Defendant Bank of America maliciously intended to unreasonably deprive Plaintiff of money he deposited with the Bank.

73. WHEREFORE, for Defendant Bank of America's conspiracy to commit fraud ,

Plaintiff prays that this Court enter Judgment against Bank of America for all

monies lost through this injurious scheme; any and all damages acceptable by

law, including past, present and future damages, punitive damages, pre- judgment

interest at the legal rate, post-judgment interest at the judgment rate, attorney's

fees,  costs of bring this suit, equitable relief, and such other and further relief as

Plaintiff Barimah may be entitled to by this action.

**COUNT 4**

**COMMON LAW FRAUD**

74. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

75. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

76. Defendant Bank of America willfully and intentionally or with reckless disregard of Plaintiff's recognizable rights entered into an arrangement with Defendant Kwame Adofo to commit fraud by adding Defendant Kwame Adofo as a joint account holder without Plaintiff's authorization.

77. Defendant Bank of America as result debited Plaintiff's deposit account.

78. The money debited was paid to Defendant Kwame Adofo.

79. Plaintiff suffered loss as a result of this fraud.

80. Defendant Bank of America concealed the fraud by telling Plaintiff that there was no error on his account yet evidently Defendant Kwame Adofo had been added fraudulently as a joint account holder to Plaintiff's account and withdrew funds deposited there on.

81. Defendant Bank of America maliciously intended to unreasonably deprive Plaintiff of money he deposited with the Bank.

82. WHEREFORE, for Defendant Bank of America's  fraud , Plaintiff prays that this Court enter Judgment against Bank of America for all monies lost through this injurious scheme; any and all damages acceptable by law, including past, present and future damages, punitive damages, pre- judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees,  costs of bring this suit, equitable relief, and such other and further relief as Plaintiff Barimah may be entitled to by this action.

## COUNT 5

## PLAINTIFF'S CLAIM AGAINST BANK OF AMERICA FOR AIDING AND

## ABETTING TORTIOUS CONDUCT

83. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

84. Defendant Bank of America willfully and intentionally or with reckless disregard of Plaintiff's recognizable rights aided and abetted Defendant Kwame Adofo to commit fraud by adding Defendant Kwame Adofo as a joint account holder without Plaintiff's authorization.

85. Defendant Bank of America did not use reasonable commercial standards and due diligence in verifying whether Mr. Adofo could be joined to Plaintiff's account yet he had no authorization.

86. Defendant Bank of America never contacted Plaintiff to inquire about a third party who was seeking to be joined to his deposit account.

87. Defendant Bank of America as result debited Plaintiff's deposit account repeatedly over six years.

88. The money debited was paid to Defendant Kwame Adofo in furtherance of the fraudulent scheme.

89. Plaintiff suffered loss as a result of Bank of America's aiding and abetting tortious conduct.

90. Defendant Bank of America concealed the fraud by telling Plaintiff that there was no error on his account yet evidently Defendant Kwame Adofo had been added fraudulently as a joint account holder to Plaintiff's account and withdrew funds deposited there on.

91. Defendant Bank of America willfully, intentionally, maliciously intended to unreasonably deprive Plaintiff of money he deposited with the Bank and concealed their actions by informing Defendant that there was no error on his account.

92. WHEREFORE, for Defendant Bank of America's aiding and abetting tortious

conduct , Plaintiff prays that this Court enter Judgment against Bank of America

for all monies lost through this injurious scheme; any and all damages acceptable

by law, including past, present and future damages, punitive damages, pre-

judgment interest at the legal rate, post-judgment interest at the judgment rate,

attorney's fees,   costs of bring this suit, equitable relief, and such other and

further relief as Plaintiff Barimah may be entitled to by this action.

## COUNT 6

## PLAINTIFF"S CLAIM AGAINST BANK OF AMERICA FOR BREACH OF

## CONTRACT

93. Plaintiff incorporates by reference all paragraphs of this Complaint as though
fully stated herein *seriatim*.

94. Plaintiff entered into a contractual relationship with Bank of America with
Plaintiff depositing funds in the account he opened with Bank of America.

95. Bank of America breached this contract by adding an unauthorized third party to
the account as Kwame Adofo and making him a joint account holder without
observing reasonable and ordinary commercial care .

96. Bank of America breached this contract by paying money from Plaintiff's
account to Defendant Kwame Adofo.

97. Mr. Barimah sustained loss and damages as a result of Bank of America's breach
of contract.

98. WHEREFORE, for Defendant Bank of America's breach of contract, Plaintiff

prays that this Court enter Judgment against Bank of America for all monies lost

through this breach as a direct consequence; any and all damages acceptable by

law, including past, present and future damages, punitive damages, pre- judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees,  costs of bring this suit, equitable relief, and such other and further relief as Plaintiff Barimah may be entitled to by this action.


**PLAINTIFF'S CLAIMS AGAINST DEFENDANT KWAME ADOFO**


**COUNT 7**

**PLAINTIFF'S CLAIM AGAINST DEFENDANT KWAME ADOFO FOR COMMON LAW FRAUD**

99. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

100.      Defendant Kwame Adofo willfully and intentionally represented to Bank of America that he was authorized as a joint account holder with Plaintiff.

101.      Defendant Adofo was joined as a joint account holder to Plaintiff's deposit Bank account.

102.      Mr. Adofo then made several withdrawals intentionally from Plaintiff's Bank account.

103.      Bank of America willfully aided and abetted this fraud over a period of six years and even wrote to Plaintiff informing him that there was no error on his account.

104. Plaintiff sustained loss as result of Mr. Adofo's fraud.

105.      WHEREFORE, for Defendant Adofo's fraud , Plaintiff prays that this Court enter Judgment against Defendant Adofo for all monies lost through this fraudulent scheme; any and all damages acceptable by law, including past,

present and future damages, punitive damages, pre- judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees,  costs of bring this suit, equitable relief, and such other and further relief as Plaintiff Barimah may be entitled to by this action.

## COUNT 8

**PLAINTIFF'S CLAIM  AGAINST DEFENDANT ADOFO FOR CONSPIRACY TO COMMIT FRAUD.**

106.      Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

107.      Defendant Kwame Adofo willfully and intentionally or with reckless disregard of Plaintiff's recognizable rights conspired and entered into an agreement with Defendant Bank of America to commit fraud by the Bank adding Defendant Kwame Adofo as a joint account holder without Plaintiff's authorization.

108.      Defendant had scienter and knowledge that he was not authorized to access the funds deposited in Plaintiff's account.

109.      Bank of America maliciously without following commercially recognized standards willfully and intentionally added Defendant Kwame Adofo as a joint account holder to Plaintiff's account.

110.      Defendant Adofo then made numerous withdrawals from Plaintiff's deposit account totaling approximately $64,000 as will be proved to the jury.

111.      Defendant Bank of America concealed the fraud by telling Plaintiff that there was no error on his account yet evidently Defendant Kwame Adofo had been added fraudulently as a joint account holder to Plaintiff's account and withdrew funds deposited there on.

112.      Plaintiff sustained loss as a result of Mr. Adofo's wrongful actions.

113.      WHEREFORE, for Defendant Kwame Adofo's conspiracy to commit fraud , Plaintiff prays that this Court enter Judgment against Mr. Adofo for all

monies lost through this injurious scheme; any and all damages acceptable by law, including past, present and future damages, punitive damages, pre- judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees, costs of bring this suit, equitable relief, and such other and further relief as Plaintiff Barimah may be entitled to by this action.

## PLAINTIFF PRAYS FOR APPLICATION OF EQUITABLE TOLLING PRINCIPLES AND THE DISCOVERY RULE TO ALL CLAIMS

114.     Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

115.     Plaintiff prays that this Honorable Court toll all applicable Statutes of limitations through application of the equitable tolling principles and the discovery rule as timely notice to Bank of America was given within applicable statute of limitations , lack of prejudice to the defendants, reasonable good faith conduct on part of the plaintiff, fraudulent concealment and non disclosure and or/ fraud on the part of Defendants and as a result of the equities of this case and the interests of justice.

## PRAYER FOR RELIEF

116.     WHEREFORE, Plaintiff Mike Twum Barimah prays for judgment in his favor and against both Defendants for all money that was fraudulently debited from his account as he shall prove to the trier of fact; any and all damages acceptable by law, including compensatory damages, statutory damages, punitive

16

damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, relief pleaded in the preceding paragraphs,  and such other and further relief as Plaintiff Mike Twum Barimah may be entitled to by bringing this action.

Respectfully submitted and dated this 22nd day of October, 2014,

By:_____
ANDREW NYOMBI ESQ
IKECHUKWU EMEJURU, ESQ
Emejuru & Nyombi L.L.C.
8403 Colesville Road
Suite 1100
Silver Spring, MD 20910
Tel: (240) 638-278
anyombi@enylaw.com
BAR NO. 19353
*Attorneys for Plaintiff Mike Twum Barimah*

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CASE**

Respectfully Submitted,

By: _____
Andrew Nyombi , Esq
Emejuru & Nyombi L.L.C.
8403 Colesville Road
Suite 1100
Silver Spring, Maryland 20910
(240) 638-2786
anyombi@enylaw.com
***Attorney for Plaintiff***